UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SCOTT P.,

        Plaintiff,

v().

COMMISSIONER OF SOCIAL
SECURITY[1],

        Defendant.

5:20-CV-1560
(ML)

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for the Plaintiff<br>6000 North Bailey Avenue - Suite 1A<br>Amherst, New York 14226 | JUSTIN M. GOLDSTEIN, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>  Counsel for the Defendant<br>J.F.K. Federal Building, Room 625<br>15 New Sudbury Street<br>Boston, Massachusetts 02203 | LOUIS JOHN GEORGE, ESQ.<br>Special Assistant U.S. Attorney |

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

    Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[2] Oral

---

[1]   Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to modify the docket accordingly.

[2]   This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally,

1

argument was heard in connection with those motions on March 24, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 21) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 25, 2022
      Binghamton, New York

_____
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

---

as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
SCOTT P.,

                                Plaintiff,

vs.                             5:20-CV-1560

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
-------------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on March 24, 2022, the HONORABLE MIROSLAV LOVRIC, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | LAW OFFICES OF KENNETH HILLER, PLLC<br>Attorneys at Law<br>6000 North Bailey Ave. - Suite 1A<br>Amherst, New York  14226<br>  BY:  JUSTIN M. GOLDSTEIN, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of General Counsel<br>J.F.K. Federal Building<br>Room 625<br>Boston, Massachusetts  02203<br>  BY:  LOUIS JOHN GEORGE, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1          (The Court and all counsel present by
2                telephone.)
3          THE COURT:  The Court begins by indicating as
4  follows:  Plaintiff has commenced this proceeding pursuant to
5  42 United States Code Sections 405(g) and 1383(c)(3) to
6  challenge the adverse determination by the Commissioner of
7  Social Security finding that plaintiff was not disabled at
8  the relevant times and therefore ineligible for the benefits
9  that plaintiff sought.
10         The background that the Court sets forth is as
11 follows:  On July 24th of 2017, plaintiff was awarded
12 disability benefits for a closed period of disability
13 beginning on October 31, 2013 and ending on November 10th,
14 2016.  That decision found that, as of November 10th, 2016,
15 medical improvement occurred and therefore, plaintiff's
16 disability ended on November 10th, 2016.  Now that decision
17 is not currently before the Court.
18         Here, plaintiff applied for Disability Insurance
19 benefits on November 2nd, 2017.  On December 11th of 2017,
20 plaintiff applied for Supplemental Security Income.  In both
21 applications, plaintiff initially alleged a disability onset
22 date of July 25th, 2017.  Plaintiff later amended the alleged
23 onset date of disability to December 7th of 2017.
24         The Court notes that plaintiff was born in 1970.
25 Plaintiff is currently approximately 51 years of age.

1   Plaintiff was 47 years of age at the amended alleged onset of
2   his disability on December 7th of 2017.  Plaintiff is
3   separated from his wife and lives in a second floor apartment
4   with his girlfriend.  Plaintiff is approximately 5 feet
5   10 inches in height and weighs approximately 150 pounds.
6   Plaintiff has completed the eighth grade and can communicate
7   in English.  Plaintiff has past relevant work experience as a
8   mechanic.  Plaintiff suffers from cervical spine degenerative
9   disc disease.  Since plaintiff's neck surgery in August 2019,
10  he was prescribed pain medication.  Plaintiff reported
11  activities of daily living that included dressing, bathing,
12  grooming, preparing simple food, going grocery shopping,
13  managing money, driving, using public transportation, getting
14  along with friends and family, watching television, hanging
15  out with friends, and playing cards.
16          The Court sets forth the following procedural
17  history for this matter.  In support of his claim for
18  disability benefits, plaintiff claims disability based on
19  neck injury and severe neck pain and dyslexia.
20  Administrative Law Judge Robyn Hoffman conducted a hearing on
21  August 21st, 2019 to address plaintiff's application for
22  benefits.  Plaintiff was represented at that hearing by a
23  person by the name of Benjamin Anderson.  Plaintiff also
24  testified at that hearing.  A supplemental hearing was held
25  on May 6th of 2020, but due to technical issues, the hearing

1   was adjourned and another supplemental hearing was held on
2   July 16th of 2020.  A vocational expert testified at the
3   supplemental hearing.  ALJ Hoffman issued a partially
4   favorable decision on July 29th of 2020.  That became a final
5   determination of the agency on December 8th, 2020, when the
6   Social Security Administration Appeals Council denied
7   plaintiff's application for review.  This action was
8   commenced on December 16th of 2020, and it is timely.
9              In her decision, ALJ Hoffman applied the familiar
10  five-step test for determining disability.
11             At step one, she concluded that plaintiff had not
12  engaged in substantial gainful activity since December 17th
13  of 2017, the amended alleged onset date.
14             At step two, she concluded that since the amended
15  alleged onset date, plaintiff had the severe impairment of
16  cervical spine degenerative disc disease status post fusion.
17             At step three, the ALJ, ALJ Hoffman concluded that
18  plaintiff's conditions do not meet or medically equal any of
19  the listed presumptively disabling conditions set forth in
20  the Commissioner's regulations, and the ALJ focused on
21  Listing 1.04 that deals with disorders of the spine.
22             Between steps three and four, the ALJ determined
23  that before March 28th, 2019, the date plaintiff became
24  disabled, that plaintiff retained the residual functional
25  capacity, also known as RFC, to perform less than the full

1   range of light work as defined in 20 C.F.R. Sections
2   404.1567(b) and 416.967(b).  Specifically, the ALJ stated
3   that plaintiff could occasionally lift and carry up to
4   ten pounds, sit for up to six hours, and stand or walk for
5   approximately six hours, all in an eight-hour workday with
6   normal breaks.  The ALJ also noted that plaintiff could
7   occasionally reach overhead with his bilateral arms, but was
8   unlimited in his ability to reach in all other directions.
9   The ALJ further noted that plaintiff could frequently feel
10  with his bilateral hands, and he could occasionally rotate
11  his head in all planes.  In addition, the ALJ found that
12  beginning on March 28th, 2019, plaintiff had the RFC to
13  perform less than the full range of light work as defined in
14  20 C.F.R. Sections 404.1567(b) and 416.967(b).  Specifically,
15  plaintiff, the ALJ noted that plaintiff could occasionally
16  lift and carry up to ten pounds, sit for up to six hours, and
17  stand or walk for approximately six hours, all in an
18  eight-hour workday with normal breaks.  The ALJ also
19  indicated that the plaintiff can occasionally reach overhead
20  with his bilateral arms, but is unlimited in his ability to
21  reach in all other directions.  The ALJ further stated that
22  plaintiff can frequently feel with his bilateral hands, he
23  can occasionally rotate his head in all planes, and can
24  occasionally hold his head in a static position.
25              At step four, the ALJ concluded that since

1  December 7th, 2017, plaintiff could not perform any past
2  relevant work as an auto mechanic.  The ALJ therefore
3  proceeded to step five.
4          At step five, the ALJ concluded that before
5  March 28th of 2019, considering plaintiff's age, education,
6  work experience, and RFC, there were jobs that existed in
7  significant numbers in the national economy that plaintiff
8  could perform.  The vocational expert testified that given
9  all of these factors, an individual would have been able to
10 perform the requirements of a representative occupation such
11 as an information clerk.  As a result, the ALJ concluded that
12 before March 28th of 2019, plaintiff had not been under a
13 disability as defined in the Social Security Act.  However,
14 the ALJ concluded that beginning on March 28th, 2019,
15 considering plaintiff's age, education, work experience, and
16 RFC, there are no jobs that exist in significant numbers in
17 the national economy that plaintiff could perform.  As a
18 result, the ALJ concluded that, beginning on March 28th,
19 2019, plaintiff has been under a disability as defined in the
20 Social Security Act.
21         Now as the parties know, the Court's functional
22 role in this case is limited and extremely deferential.  I
23 must determine whether correct legal principles were applied
24 and whether the determination is supported by substantial
25 evidence, which is defined as such relevant evidence as a

1   reasonable mind would find sufficient to support a
2   conclusion.  As the Second Circuit noted in *Brault v. Social*
3   *Security Administration Commissioner*, that's found at 683
4   F.3d 443, 2012 case, the Second Circuit therein stated the
5   standard is demanding, more so than the clearly erroneous
6   standard.  The Second Circuit also noted in *Brault* that once
7   there is a finding of fact, that fact can be rejected only if
8   a reasonable fact finder would have to conclude otherwise.
9          Now in this case the plaintiff raises one
10  contention:  Plaintiff argues that the RFC is not supported
11  by substantial evidence because (a) substantial evidence does
12  not support the established onset date of disability, and (b)
13  the ALJ failed to appropriately apply the correct legal
14  standards when weighing the medical opinions.
15         The Court states the following analysis of this
16  matter for the record.  First, I find that the RFC is
17  supported by substantial evidence.  First, I find that
18  substantial evidence supports the ALJ's determination that
19  there was a change in plaintiff's functioning as of
20  March 28th, 2019.  The Court notes the following:  On
21  March 28th, 2019, plaintiff was examined by Dr. Montgomery at
22  St. Joseph's Spine and Neurosurgery, during which he
23  complained of chronic neck pain.  At that appointment,
24  plaintiff exhibited a limited range of motion in his neck,
25  decreased strength in both upper extremities, decreased deep

1    tendon reflexes, and reduced light touch sensation in his
2    bilateral upper extremities and hands.  Dr. Montgomery noted
3    that plaintiff had an updated MRI which showed a herniated
4    disc at C3-4, with moderate to severe spinal canal stenosis,
5    SC compression, and myelomalacia at that level -- or at the
6    level, excuse me.  Dr. Montgomery noted that plaintiff had
7    worsening myelopathy despite PT and needed a revision
8    anterior cervical discectomy and fusion surgery, also
9    commonly referred to as ACDF, also Dr. Montgomery noting,
10   with possible Medtronic disc replacement at the C3-4 level.
11          This treatment report supports the ALJ's finding
12   that there was worsening warranting a change in the RFC.
13          The Court notes that in context, the Court
14   interpreted the ALJ's statement regarding plaintiff's lack of
15   treatment between the amended alleged onset date, that being
16   December 7, 2017, and the disability onset date, that being
17   March 28, 2019, to mean that plaintiff did not receive
18   treatment for his cervical spine condition during that time.
19   The Court does not find plaintiff's argument persuasive,
20   which construed the ALJ's statement as meaning that plaintiff
21   did not receive any treatment during this time.  As defendant
22   highlights, the ALJ summarized plaintiff's medical records
23   during that time.  Although plaintiff regularly attended
24   medical appointments from December 7, 2017 through his
25   disability onset date of March 28, 2019, those medical

1  appointments were generally routine and documented baseline
2  clinical findings with functional limitations that were no
3  greater than that reflected in the RFC.
4           For example, on August 3rd, 2018, plaintiff was
5  examined by Jeffery Smith, a physician's assistant, during
6  which he exhibited a limited range of motion in his cervical
7  spine but had enough strength, intact reflexes, no atrophy,
8  normal gait and balance, and normal sensation.
9           In addition, on October 4th of 2018, plaintiff was
10 examined by Dr. Eppolito, his primary care physician.  During
11 that appointment, the only positive clinical findings were a
12 limited range of motion of the cervical spine.  During the
13 administrative hearing on August 21 of 2019, plaintiff
14 testified that throughout 2018 and 2019, he was not receiving
15 active treatment for his cervical spine condition and was not
16 on any pain medication, until he began experiencing excessive
17 chronic pain.
18          For these reasons, I find that substantial evidence
19 supports the onset date of disability.
20          Second, I find that substantial evidence supports
21 the ALJ's evaluation of the medical opinion evidence.  The
22 Court notes the record contains four opinions from
23 Dr. Eppolito.  First is an undated report, the second is
24 March of 2018, the third is a report from April 2019, and the
25 fourth a report from May of 2020.  The ALJ's opinion clearly

1    set forth the weight that she assigned these opinions and the
2    bases for these assignments.  The parties also spent
3    significant portions of their briefs reciting the ALJ's
4    findings regarding these opinions so the Court does not do so
5    here.
6           As defendant sets forth in her brief, the ALJ was
7    not required to specifically articulate her consideration of
8    each medical record that was inconsistent with Dr. Eppolito's
9    opinion.  Moreover, the RFC accounted for many of the
10   limitations opined by Dr. Eppolito, including that plaintiff
11   was limited to lifting and carrying weight up to 10 pounds.
12   To the extent that Dr. Eppolito limited plaintiff to clerical
13   work, that decision is reserved to the Commissioner.
14          The record also contains an opinion from
15   consultative examiner Dr. Lorensen and a prior administrative
16   medical finding from Dr. Angelotti.  A specific medical
17   opinion that plaintiff could occasionally rotate his head in
18   all planes is not required because the record contains
19   sufficient evidence from which the ALJ could assess
20   plaintiff's RFC.  Dr. Lorensen found that plaintiff had
21   "moderate to marked limitations for turning the head" which
22   the ALJ found to be "somewhat vaguely stated" but "generally
23   persuasive" because it was "supported by examination findings
24   and was generally consistent with the overall medical
25   evidence of record."  Dr. Lorensen's musculoskeletal

examination of plaintiff revealed cervical spine flexion of 30 degrees, extension of 30 degrees, lateral flexion of 20 degrees bilaterally, and rotary movement 40 degrees bilaterally.  This evidence is sufficient to convince a reasonable mind that plaintiff be limited to occasional rotation of the head in all planes.

In addition, the ALJ relied on the prior administrative medical finding from Dr. Angelotti, who opined that plaintiff's limited range of motion in the cervical spine and bilateral shoulders supported a limitation to occasional overhead reaching.  Although Dr. Angelotti did not opine that plaintiff should be limited to occasional rotation of the head in all planes, the ALJ appropriately considered the totality of the evidence in assigning a more restrictive RFC finding than Dr. Angelotti found.

For these reasons and the reasons stated in defendant's brief, I find that the RFC determination is supported by substantial evidence.

As a result, plaintiff's motion for judgment on the pleadings is denied; defendant's motion for judgment on the pleadings is granted; plaintiff's complaint is dismissed; and the Commissioner's decision denying plaintiff benefits is hereby affirmed.

That constitutes the analysis and decision of this court.  As I indicated earlier, I will issue and file a

1    summary order in the docket which will have appended to it my
2    decision I just set forth in the record, and I believe that
3    concludes our proceedings for today.  So I wish everybody a
4    good rest of the day, have a nice upcoming weekend, and the
5    court stands adjourned.  Thank you.
6              MR. GEORGE:  Thank you, your Honor.
7                   (Proceedings Adjourned, 11:37 a.m.)

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547

1  CERTIFICATE OF OFFICIAL REPORTER

    I, JODI L. HIBBARD, RPR, CRR, CSR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

    Dated this 24th day of March, 2022.

    /S/ JODI L. HIBBARD

    JODI L. HIBBARD, RPR, CRR, CSR
    Official U.S. Court Reporter